TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX, ss

No. 12-2932-L

Wayne P. Wyman, Plaintiff(s)

v.

Aprile's European Restaurant, LLC, Defendant(s)

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County
8/8/2012
DATE OF SERVICE

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon John W. Davis, Davis & Davis, P.C. plaintiff's attorney, whose address is 77 Franklin St. 3rd Floor, Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 200 TradeCenter, Woburn, MA 01801 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at .................................................. the 6th day of August .................................., in the year of our Lord 2012.

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
20.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................
................................................................................................................................................
................................................................................................................................................

................................................................................................................................

Dated: ............................................................................................, 20..........

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ..............................................., 20.......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 12-2932-L

Wayne P. Wyman, Plff.

v.

April's European Restaurant, LLC, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                                  SUPERIOR COURT
                                                                                CIVIL ACTION NUMBER:

|  |  |
|---|---|
| WAYNE P. WYMAN, <br>     Plaintiffs <br><br> v. <br><br> APRILE'S EUROPEAN RESTAURANT, <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### Parties

1. The Plaintiff, Wayne P. Wyman ("Mr. Wyman"), is an individual who maintains his residence at 36 Daniels Street, Lowell, Middlesex County, Massachusetts.

2. The Defendant, Aprile's European Restaurant ("Restaurant"), is a Massachusetts company located at 75 Princeton Street, North Chelmsford, Middlesex County, Massachusetts.

### Facts

3. Mr. Wyman commenced work as a bartender and server at the Restaurant in August 2011.

4. Mr. Wyman earned $2.63 per hour for his evening or 'dinner' shifts.

5. Mr. Wyman earned $6.50 per hour for his afternoon or 'lunch' shifts.

6. For the first 11-12 weeks, Mr. Wyman worked the Sunday brunch. He typically spent 90 minutes preparing the Restaurant, such as reconfiguring the lay-out, carrying out equipment for the various serving stations, setting up sternos and chafing dishes, and other projects to get the restaurant ready. Mr. Wyman also spent approximately an hour after the buffet closed at 2:00 p.m. re-configuring, cleaning, and preparing the Restaurant for dinner.

7. The Restaurant paid Mr. Wyman $2.63 per hour for these 2 ½ hours. He should have been paid at least the Massachusetts minimum wage of $8.000 per hour.

8. On information and belief, the Restaurant failed to pay its other employees the Massachusetts minimum wage.

9. Mr. Wyman worked only one day per week as a server, which was 5:00 p.m. to close every Monday. Mr. Wyman worked as a bartender the rest of the week: 4:00 p.m. to close on Wednesdays, the lunch shift on Thursdays, a double shift on Fridays and either 4:00 p.m., 4:30 p.m., or 5:00 p.m. to close on Saturdays.

10. In or about February 2012, Mr. Wyman increased his hours by agreeing to work double shifts on Wednesdays.

11. On a number of occasions this past spring, Mr. Wyman worked in excess of 40 hours per week. He did not realize it until a 'regular' made a comment after Mr. Wyman agreed to work on Mother's Day.

12. Mr. Wyman discussed the matter with Mary DeJesus, another bartender and assistant manager. Ms. DeJesus, who was going through an acrimonious divorce, had saved all of her paperwork, including but not limited to Employee Clock Out forms and paystubs.

13. Mr. Wyman and Ms. DeJesus realized that the Restaurant was not only failing to pay overtime wages pursuant to the FLSA, but the Restaurant was also manipulating the time records to pay Ms. DeJesus the lower bartender rate versus the higher assistant manager rate. Further, it appeared that the Restaurant was paying them incorrectly for numerous shifts at the lesser 'dinner' rate versus the $6.50 lunch rate.

14. Mr. Wyman brought these discrepancies to management's attention on or about May 24th.

15. A Restaurant manager implicitly threatened Ms. DeJesus' position when they met on June 1st. It is well-known that Ms. DeJesus is a single mother and cannot jeopardize her job by asserting her legal rights.

16. On information and belief, the Restaurant has a history of retaliating against employees that assert their legal rights. On information and belief, the DOL and the AG's office recently investigated the Restaurant for employing Denise Willard's son "JD", who bussed tables this past spring. JD is a minor. On information and belief, the employee that 'blew the whistle' on the Restaurant's employment of a minor child was terminated.

17. The Restaurant made it clear to Mr. Wyman that communicating with state/federal authorities was discouraged. On information and belief, the Restaurant was also concerned that it would be discovered that other employees were not being paid their full wages.

18. Mr. Wyman was fired on or about June 19th – approximately 1 month after he complained that the Restaurant was not paying overtime wages to him and another employee.

19. Despite Mr. Wyman's repeated requests, the Restaurant failed to articulate any reason to justify the termination decision.

20. Mr. Wyman has exhausted his administrative remedies with the Attorney General's Office.

## Causes of Action

### COUNT I – VIOLATION OF M.G.L. C. 151 § 1 – FAILURE TO PAY MINIMUM WAGES

21. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

22. This is a cause of action by all Plaintiff for failure to pay minimum wage.

23. The Restaurant should have paid the Plaintiff minimum wage for setting up and breaking down the Restaurant after the Sunday brunch.

24. As a result, the Plaintiff has suffered financial damages.

### COUNT II – VIOLATION OF F.L.S.A. – 29 U.S.C. § 207

25. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

26. This is a cause of action by the Plaintiff for non-payment of overtime wages in violation of the Fair Labor Standards Act.

27. Throughout 2012, the Restaurant has failed to pay the Plaintiffs overtime wages for working in excess of 40 hours per week.

28. The Plaintiff does not fall under a statutory exemption under Chapter 151, § 1A.

29. As a direct result, the Plaintiffs have suffered monetary damages.

### COUNT III – VIOLATION OF M.G.L. C. 149 § 148A - RETALIATION

30. The Plaintiff hereby incorporate all allegations in this document with the same force and effect as if set forth herein.
31. This is a cause of action by the Plaintiff for retaliation.
32. The Restaurant engaged in retaliation by firing the Plaintiff for asserting his rights under state and federal 'Wage and Hour' laws, and for encouraging other employees to assert their rights.
33. As a result, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff prays that this Honorable Court:

1. enter an award of multiple damages against the Defendant, including costs, reasonable attorney's fees and interest, and
2. grant such other relief as this court deems just and proper.

July 27, 2012

The Plaintiffs,
Wayne P. Wyman,
By his attorney,

_____
John W. Davis (BBO #648399)
Davis & Davis, P.C.
77 Franklin Street, 3rd Floor
Boston, MA 02110
(617) 338-5770
jdavis@davisanddavispc.com