UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

_____

| | |
|---|---|
| WAYNE P. WYMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 1:12-cv-11560-DJC |
| | ) |
| APRILE'S EUROPEAN RESTAURANT, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |

_____

## MOTION FOR LEAVE TO AMEND COMPLAINT

The Plaintiff, Wayne Wyman ("Plaintiff" or "Wyman"), by and through his undersigned counsel, submits this Motion pursuant to Fed. R. Civ. P. 15(a)(2) for leave of Court to amend his Complaint. In support hereof, Plaintiff states as follows:

## MEMORANDUM IN SUPPORT OF MOTION

1. This case is an action by the Plaintiff against Aprile's European Restaurant, LLC ("Defendant" or "European") for Defendant's violations of state and federal wage & hour laws.

2. Plaintiff filed his Complaint and Jury Demand ("Complaint") against European in the Middlesex Superior Court on July 27, 2012.

3. On August 22, 2012, European removed this action from the Middlesex Superior Court to the United States District Court for the District of Massachusetts.

4. On August 30, 2012, European filed a Motion to Dismiss Count I of Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss").

5. Following European's filing of the Motion to Dismiss, Plaintiff retained successor counsel.

6. On May 8, 2013, this Honorable Court denied European's Motion to Dismiss.

7. Following the Court's denial of European's Motion to Dismiss, European answered the Complaint on May 22, 2013 ("Answer"). Following European's Answer, this Honorable Court held a scheduling conference in this matter on June 17, 2013 ("Scheduling Conference").

8. Plaintiff now seeks to amend the Complaint to: (a) add Edward Aprile ("Aprile") and Stephanie Arsenault ("Arsenault") as parties to this action; (b) add details to the recital of facts; (c) plead several counts for relief with greater specificity and/or with more precision; and (d) eliminate redundancies and correct certain drafting errors in the Complaint.

9. Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff may now amend his pleading only "with the opposing party's written consent or the court's leave."

Accordingly, Plaintiff's counsel sought in good faith to secure the consent of opposing counsel to amend the Complaint. Nevertheless, opposing counsel has refused to consent to this motion and so Plaintiff has brought this motion before this Honorable Court in accordance with L.R. 7.1.

10. By this present motion, Plaintiff seeks leave of Court to file his First Amended Complaint, attached hereto as "Exhibit A".

11. As grounds for this motion, Plaintiff states:

    a. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard reflects "the 'liberal' amendment policy underlying Rule 15." *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004). "Grounds for denial generally involve undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment." *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733-34 (1st Cir. 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). As no such grounds exist, leave to amend is appropriate.

    b. Plaintiff seeks to leave to amend the Complaint shortly after the Scheduling Conference in this matter, which was held on June 17, 2013, and the parties' exchange of initial disclosures which followed shortly thereafter. Leave to amend at this early stage in

the litigation will cause no prejudice to European, Aprile or Arsenault. *See 4 MVR, LLC v. Warren W. Hill Construction Company, Inc.*, No. 12-10674 (D. Mass., 2012)("[Plaintiff] seeks leave to amend in the early stages of this litigation . . . . The amended complaint does not expand the avenues of recovery and the Defendants will have ample time to prepare for and conduct discovery in light of the amended complaint and defend themselves in this litigation.").

c. There has been no failure to cure deficiencies by amendments previously allowed as this is Plaintiff's first motion for leave to amend. Rather, Plaintiff seeks to amplify, clarify, and sharpen the issues presented in the Complaint.

d. Nor has Plaintiff shown bad faith. Plaintiff's current counsel informed Defendant's counsel of their intent to amend the Complaint on the date of the Scheduling Conference and asked Defendant's Counsel whether they would consent. Defendant's counsel demurred with respect to this request and, in subsequent telephone and email conversations, Defendant's counsel explicitly refused to consent to this motion.

e. Finally, amendment will not be futile. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of

relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Plaintiff has properly stated claims against the Defendants, including the Plaintiff's claim for violation of G.L. c. 151, §§ 1 and 2, which is appropriate in light of this Honorable Court's denial of European's Motion to Dismiss. Moreover, pursuant to G.L. c. 149 §§ 148 and 150, G.L. c. 151, § 19 and 29 U.S.C. § 203(d), Aprile and Arsenault may properly be held personally liable for Plaintiff's damages jointly and severally with European. *See generally Cook v. Patient EDU*, No. SJC-11272, 2013 WL 2501940 (Mass. June 13, 2013), *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007); *see also Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d. 1299, 1312 (11th Cir. 2013).

## CONCLUSION

**WHEREFORE,** in accordance with the liberal amendment policy underlying Rule 15 and the fact that there has been no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or futility in seeking leave to amend, the Plaintiff, Wayne Wyman, respectfully requests that this Honorable Court grant the foregoing Motion and instruct the Clerk to docket the complaint attached hereto as "Exhibit A" as Plaintiff's First Amended Complaint.

Dated: August 27, 2013                    Respectfully submitted,
                                          Wayne Wyman,
                                          By his attorneys,


                                          /s/   Alan D. Meyerson
                                          Alan D. Meyerson (BBO# 682515)
                                          David B. Summer (BBO# 634514)
                                          77 Franklin Street, 3rd Floor
                                          Boston, MA 02110
                                          Telephone: (617) 444-9525
                                          Telephone: (617) 695-0050
                                          alan@alandavidmeyerson.com
                                          david@summerlaw.com

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I, Alan D. Meyerson, certify that pursuant to Local Rule 7.1(a)(2) of this Court, counsel for Plaintiff, Wayne P. Wyman, conferred with counsel for the Defendant, Aprile's European Restaurant, LLC, regarding this Motion for Leave to Amend Complaint on June 17, 2013 and July 18, 2013. Counsel for Defendant has advised counsel for Plaintiff that the Defendant will oppose this Motion.

                                          /s/ Alan D. Meyerson
Dated: August 27, 2013                    Respectfully submitted,
                                          Alan D. Meyerson

## CERTIFICATE OF SERVICE

I, Alan D. Meyerson, certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 27, 2013.

                                          /s/   Alan D. Meyerson
Dated: August 27, 2013                    Respectfully submitted,
                                          Alan D. Meyerson